

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS MANUEL COLLADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIGUEL SORIANO | : | NO. 15-4247 |
| KIM KING | : | |

FILED
AUG - 5 2015

### MEMORANDUM

**BEETLESTONE, J.**                                                       AUGUST 5, 2015

Plaintiff Luis Manuel Collado filed a motion to proceed *in forma pauperis* and a civil complaint against Miguel Soriano and Kim King. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint for lack of subject matter jurisdiction.

### I.     FACTS

Plaintiff alleges that the defendants defamed him and used his name "to make money [off] of [him]." (Compl. ¶ III.C.)  The complaint further alleges that the defendants:

> Defamed [plaintiff] (put [him] under stress) somehow in a way that they never want it to discuss with me and they may used my name to create a lawsuit in which they may erase court records, and some trace to get them back, maybe thru the Department of treasury you can find a trace (not sure but I think they intimided a Judge).

(*Id.*) Plaintiff contends that the defendants have destroyed his life. He would like the defendants to have to "tell the real truth about everything" in court, a restraining order, and "the amount of money that the Judge consider[s] fair." (*Id.* ¶ V.)

### II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires

the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The Court understands plaintiff to be raising defamation claims under state law. The Court cannot discern any other basis for a claim. The only possible basis for subject matter jurisdiction over plaintiff's defamation claims is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the complaint suggests that all of the parties are citizens of Pennsylvania. Accordingly, there is no basis for jurisdiction over plaintiff's state law claims. If he seeks to pursue those claims, he must proceed in state court.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for lack of subject matter jurisdiction. Plaintiff will not be given leave to file an amended complaint because he cannot cure the jurisdictional defect noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

ENTERED
AUG 05 2015
CLERK OF COURT

BY THE COURT:

**WENDY BEETLESTONE, J.**

**DATE:**